**Milan Paul PAKES, Petitioner,**

v.

**P.D. BRAZELTON, Respondent.**

No. 13–16706.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2014.

Filed Dec. 23, 2014.

Edward Dallas Sacher, Esquire, Sixth District Appellate Program, Santa Clara, CA, for Petitioner.

by 9th Cir. R. 36–3.

725

Jeffrey M. Laurence, AGCA–Office of the California Attorney General, San Francisco, CA, for Respondent.

Before: TASHIMA and PAEZ, Circuit Judges, and BLOCK, District Judge.*

MEMORANDUM **

Milan Paul Pakes, a California state prisoner, appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253(c) and we affirm.

Trial counsel's stipulation that Pakes "intended to flee from the traffic accident because he reasonably believed he would be sent back to prison if apprehended" was not more prejudicial than the alternative evidence that Pakes was on parole. Such evidence was relevant to his intent to flee and admissible under California law. *See, e.g., People v. Scheer*, 68 Cal.App.4th 1009, 1020 n. 2, 80 Cal.Rptr.2d 676 (Cal.Ct.App. 1998); *People v. Johnson*, 15 Cal.App.4th 169, 176, 18 Cal.Rptr.2d 650 (Cal.Ct.App. 1993). The stipulation was a sound strategic decision that did not prejudice Pakes. The state court's rejection of his ineffective assistance claim was therefore not contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See* 28 U.S.C. § 2254(d)(1).

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Pakes further argues that he was denied a fair trial due to cumulative prejudice resulting from several other errors made by his trial attorney and by the prosecutor. Since we cannot identify any individual error, no cumulative prejudice is possible. *See Hayes v. Ayers*, 632 F.3d 500, 504 (9th Cir.2011).

**AFFIRMED.**